EASTERN DIST:
*April*, 1832.

GLEISES
*vs.*
MAIGNAN.

### GLEISES *vs.* MAIGNAN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT

The joint owner of a lot, may enforce a mortgage, which he holds on the undivided portion of his co-proprietor, notwithstanding the pendency of a suit for partition.

The defendant being indebted to one Marmiche, mortgaged to him a lot of ground, of which he was joint owner with the plaintiff.

Marmiche transferred the debt and mortgage to the plaintiff, who obtained an order of seizure and sale, which was enjoined by the defendant, on the ground, that before the plaintiff had obtained his order of seizure, he, the defendant, had sued for a partition of the property, which suit was then

pending. The court *a qua*, upon hearing, dissolved the injunction, and the defendant appealed.

*Seghers*, for appellant. ·*Lockett*, for appellee.

*Porter*, *J.* delivered the opinion of the court.

The plaintiff and the defendant, are joint owners of a lot of ground, situated in this city. The defendant executed a mortgage in favor of one Marmiche, to secure a debt due to him. Marmiche transferred all his right in the mortgage to the plaintiff, who took out an order of seizure, against the premises. The defendant filed an opposition, which the judge allowed, but after hearing the parties, he set it aside, and the defendant appealed.

The ground of opposition, made below, and reversed here, is, that the lot is undivided, that the defendant is unwilling to remain longer co-proprietor with the plaintiff, and that previous to the application for the order of seizure and sale, suit had been commenced, and was then pending for a partition.

The question, therefore, fo decision is, whether, under the circumstances of the case, the right of the plaintiff, to enforce the mortgage debt, is subordinate to that of the defendant, to have a partition made of the property ?

We think it is not. The defendant mortgaged his undivided half of the lot, and by the contract, conferred on the creditor the right to enforce his claim on the property, so mortgaged. After entering into such an agreement, we know of no law, which authorises him to suspend the collection of the debt, until he can have the property partitioned. Independent of this consideration, the fact of the law, authorising the sale of undivided property, negatives the right in the defendant, to prevent a sale, until it be divided.

*The joint owner of a lot, may enforce a mortgage which he holds on the undivided portion of his co-proprietor, notwithstanding the pendency of a suit for partition.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.